INHABITANTS OF WEST GARDINER,

*vs.*

INHABITANTS OF MANCHESTER.

Kennebec.    Opinion August 3, 1881.

*Pauper.    Minor, when emancipated.*

A child at eight years of age, having no mother, commenced living with H and wife; for four years her father paid something towards her board and furnished a portion of her clothing, when with her consent and her father's consent H and wife proposed to adopt her; from that time until she was

twenty-one she lived in H's family, assumed his name, was fed, clothed and sent to school (one term at an academy) by him, and treated by H and his wife as their own child; her father never resumed his parental duties and obligations nor asserted his parental rights and authority. *Held,* that the child was emancipated from the father notwithstanding that H and wife had failed to adopt her by proper proceedings in probate court as they had promised to do.

Complete emancipation may take place although a statutory adoption is never begun or thought of.

ON REPORT.

Assumpsit for pauper supplies furnished one Eliza A. Gray, an alleged pauper of the defendant town from June 8, 1877, to January 11, 1878. Writ dated January 12, 1878. Plea, general issue.

It was agreed that if the plaintiffs were entitled to recover, judgment might be entered for seventy-one dollars and interest from the date of the writ.

The facts are stated in the opinion.

*W. S. Choate,* for the plaintiffs, cited: *Lowell* v. *Newport,* 66 Maine, 78; *Wells* v. *Kennebunk,* 8 Maine, 200; *Portland* v. *New Gloucester,* 16 Maine, 427.

*Loring Farr* and *G. C. Vose,* for the defendants.

So long as the father had the right in law, whether enjoying the right or not, to the custody, control and service of his daughter she was not emancipated. "A minor bound to service by the overseers until he becomes of age is not emancipated. Poverty even culminating in absolute pauperism of the parents and resulting in binding out to service of the child by the selectmen until he is twenty-one years of age does not affect it." *Lowell* v. *Newport,* 66 Maine, 89; *Monroe* v. *Jackson,* 55 Maine. 59. Emancipation is ordinarily matter of contract or agreement. When the parents are living there must be consent proved on their part, or acts from which such consent may be inferred to constitute emancipation. *Oldtown* v. *Falmouth,* 40 Maine, 108.

The only consent in this case was the following: "I, the undersigned, father of Eliza A. Gray, consent to her being adopted as the child of Cyrus Howard and Elmira, his wife. John Gray."

This was not a contract. It was his consent to the adoption which was never perfected. He said they could have the child, but they must take her with the burden and responsibility of parentage. He would relinquish the rights of a father, when he was absolved from the duties of a father; and they could have one which was valuable, when they assumed the other which was burdensome.

The party who makes the offer has a right to say, *non haec in fœdera veni* and decline any other terms than those offered. Until so accepted the offer may be rescinded. Smith's Contracts, 5 ed. 152; *White* v. *Henry*, 24 Maine, 531; Pars. Contr. 477; Benj. Sales, § 39.

Nor has there been any waiver of parental rights from which emancipation can follow as in *Wells* v. *Kennebunk*, 8 Maine, 200, and *Portland* v. *New Gloucester*, 16 Maine, 427. Every act or declaration of Gray from which such a waiver might otherwise be inferred, is explained and neutralized by the paper in which he gave his consent to the adoption. In that paper there were certain conditions to be complied with before his parental rights would be divested. Were those conditions ever waived?

"A waiver of a stipulation in an agreement must, to be effectual, be made intentionally, and with knowledge of the circumstances. Where a written agreement exists, and one of the parties sets up an arrangement of a different nature, alleging conduct on the other side amounting to a substitution of this arrangement for the written agreement, he must clearly show, not merely his own understanding but that the other party had the same understanding." Addison on Contracts, § 359.

WALTON, J. The question is whether Eliza A. Gray, an insane pauper, was emancipated during her minority, so that she took and retained the settlement which her father then had in the defendant town (Manchester), or whether, not being emancipated, she followed and took a new settlement which he afterward acquired in Hartland. The evidence satisfies us that she was emancipated. Her mother died when she was about two years old. When she was eight years old she commenced living with Mr. and Mrs. Cyrus Howard. She remained with them

four years, her father during that time paying something towards her board and furnishing her with a portion of her clothing. He then proposed to take her away, when Mr. Howard (he and his wife having no children of their own) proposed to adopt her. Her father consented. She consented. Mrs. Howard, though at first a little reluctant, consented. From that time forward, and until she was twenty-one years of age, she remained a member of Mr. Howard's family. She assumed the family name, and was afterward known as Eliza A. Howard. Mr. Howard fed her, clothed her, sent her to school—one term at an academy —and paid her bills. Mr. and Mrs. Howard both testify that she was treated in all respects precisely as if she had been their own child. Her father was relieved from all his parental duties and obligations, and voluntarily relinquished all his parental rights and authority ; and he never afterward resumed the former or asserted the latter. / That here was a clear case of emancipation would not, probably, be denied by the defendants, but for the fact that at the time this arrangement was entered into, it was understood that the adoption of Eliza by Mr. and Mrs. Howard should be followed by such proceedings in the probate court as would make it legally binding upon the parties, and that such proceedings, although commenced, were never completed. But we think this fact does not defeat the emancipation. Emancipation is one thing, adoption is another. A father may emancipate a child, although another does not adopt it. Complete emancipation may take place, although a statutory adoption is never begun or thought of. If the non-completion of the proceedings in the probate court gave the father, morally as well as legally, the right to reclaim his child, it does not appear that he ever exercised, or claimed to exercise, the right ; or that he ever resumed any of his parental duties or obligations. We think the alleged emancipation is clearly established. *Lowell* v. *Newport*, 66 Maine, 78.

*Judgment for plaintiffs.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.

LIBBEY, J., having once been of counsel for the plaintiffs did not sit.